

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-86,020-01, WR-86,020-02 AND WR-86,020-03

### EX PARTE GEORGE HENRY WALKER, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. B-13-0883-SB-W-1, B-14-0994-SB-W-1 AND B-14-0650-SA-W-1
### IN THE 119TH DISTRICT COURT FROM TOM GREEN COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered open pleas of guilty to one charge of evading arrest or detention, one charge of possession of a controlled substance, and one charge of bail jumping or failure to appear. The trial court sentenced him to three forty-five year sentences, to be served concurrently. The Third Court of Appeals affirmed his convictions. *Walker v. State*, Nos. 03-14-00789-CR, 03-14-00790-CR and 03-14-00791-CR (Tex. App. — Austin, July 29, 2015) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because trial counsel failed to interview and call witnesses on Applicant's behalf, failed to file a motion to suppress, failed to object to Applicant's appearance and testimony in jail garb, and was unprepared for the punishment trial. Applicant alleges that trial counsel led him to believe that there was a plea agreement in place whereby Applicant would receive a probated sentence with drug treatment, but that the plea offer was withdrawn on the date of trial, and Applicant was compelled to enter an open plea and have a punishment hearing without preparation.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether there was a negotiated plea agreement in place, and if so, what happened to that agreement. Trial counsel shall state whether Applicant provided him with the names and contact information for any potential witnesses, and if so, whether counsel interviewed or subpoenaed any of those witnesses. Trial counsel shall state whether, in his opinion, there was any basis upon which to file a motion to suppress evidence, and if so, whether such a motion was filed. Trial counsel shall state whether Applicant appeared for the punishment hearing in jail clothing, and if so, whether trial counsel objected. Trial counsel shall state whether he was prepared for the punishment hearing, and if not, whether he requested a continuance.

The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In

---

[1]This Court has considered his other claims and finds them to be without merit.

the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 14, 2016
Do not publish